**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION

Case number (if known): _____  Chapter  11

☐ Check if this is an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Gafi Miami LLC

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  99-0639532

4. **Debtor's address**

   **Principal place of business**
   47 West 28th Street
   New York, NY 10001
   Number, Street, City, State & ZIP Code

   New York
   County

   **Mailing address, if different from principal place of business**

   P.O. Box, Number, Street, City, State & ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number, Street, City, State & ZIP Code

5. **Debtor's website (URL)**  _____

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor __Gafi Miami LLC__                                          Case number (*if known*) _____
       Name

7. **Describe debtor's business**    A. *Check one:*
   - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ☒ None of the above

   B. *Check all that apply*
   - ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
   - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   - ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
   http://www.uscourts.gov/four-digit-national-association-naics-codes.
   __5313__

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*
   - ☐ Chapter 7
   - ☐ Chapter 9
   - ☒ Chapter 11. *Check all that apply*:
     - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
     - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
     - ☐ A plan is being filed with this petition.
     - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   If more than 2 cases, attach a separate list.
   ☒ No.
   ☐ Yes.
   District _____ When _____ Case number _____
   District _____ When _____ Case number _____

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
    ☒ No
    ☐ Yes.

    List all cases. If more than 1, attach a separate list
    Debtor _____                                Relationship _____
    District _____ When _____          Case number, if known _____

Official Form 201          **Voluntary Petition for Non-Individuals Filing for Bankruptcy**                   page 2

Debtor   Gafi Miami LLC _____   Case number (*if known*) _____
      Name

**11. Why is the case filed in this district?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**   _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____
        Contact name _____
        Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☒ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☒ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor   Gafi Miami LLC                                              Case number (*if known*)
         Name

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   September 16, 2025
              MM / DD / YYYY

X  /s/ Ellie Deutsch                                    Ellie Deutsch
   Signature of authorized representative of debtor     Printed name

Title   Member

**18. Signature of attorney**

X  /s/ Ted Donovan                                      Date   September 16, 2025
   Signature of attorney for debtor                            MM / DD / YYYY

Ted Donovan 1738400
Printed name

Goldberg Weprin Finkel Goldstein LLP
Firm name

125 Park Ave
New York, NY 10017-5690
Number, Street, City, State & ZIP Code

Contact phone   (212) 301-6943        Email address   tdonovan@gwfglaw.com

NY
Bar number and State

WRITTEN CONSENT OF THE SOLE MEMBER
OF GAFI MIAMI LLC TO COMMENCE CHAPTER 11 CASE

The undersigned, being the sole member of Gafi Miami LLC (the "Company"), hereby adopts the following resolutions:

**RESOLVED**, that the Company is authorized to file a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on behalf of the Company; and it is further

**RESOLVED**, that Yair Levy is hereby designated Manager of the Company for the purposes of overseeing the Chapter 11 case and to submit all statements, lists, motions, applications, and other necessary papers to prosecute the Chapter 11 case and confirm a plan of reorganization; and it is further

**RESOLVED**, that the Company is authorized to retain the law firm of Goldberg Weprin Finkel Goldstein LLP as bankruptcy counsel in the Chapter 11 case.

IN WITNESS WHEREOF, the undersigned has executed this consent as of September 16, 2025.

Gafi Miami LLC

By:    s/ Ellie Deutsch
       Ellie Deutsch
       Sole Member

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 11

Gafi Miami LLC,                                                     Case No.

                          Debtor.
------------------------------------------------------------x

## DEBTOR'S DECLARATION
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

Ellie Deutsch declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1.  I am the sole 100% Member of Gafi Miami LLC (the "Debtor") and as such I am fully familiar with the facts and circumstances set forth below. I submit this Declaration pursuant to Local Rule 1007-2 in support of the commencement of the Chapter 11 case on behalf of the Debtor.

2.  The purpose of this Declaration is to assist the Court, creditors and other parties-in-interest to better understand the evolving events leading to the Debtor's need to seek Chapter 11 relief on an exigent basis.

**Background**

3.  The major impetus for commencement of the Chapter 11 case is to preserve and protect the Debtor's fifty (50%) percent membership interest in an entity known as Miami Worldwide Exchange LLC ("MWE") which owns certain development property in Miami, Florida located at 1 NE 1st Street, comprised of a ten-story mixed-use retail and office development catering to jewelry tenants, with four retail floors and six floors of office space (the "Property").

4.  The Debtor's 50% membership interest is threatened by an improper and highly contested non-judicial private foreclosure sale noticed by the Debtor's other 50% member in

MWE, Silver & Blue Surfer LLC ("S&B"), after the Debtor was unable to fund various capital calls in the total sum of approximately $1.3 million, although the exact amount is disputed. The auction is currently scheduled for September 16, 2025 at 11:00 a.m.

5. The Debtor contends that S&B exceeded its rights under the parties' operating agreement and is not permitted to conduct an auction sale of the Debtor's membership interest.

6. The Debtor recently commenced suit and moved for a temporary restraining order in the Circuit Court for the Eleventh Judicial District, Miami-Dade County, Florida (Case No. 2025-012817) against S&B seeking to enjoin the auction.

7. Last night, the Debtor received a favorable ruling, a copy of which is attached hereto as Exhibit "A" granting the TRO on condition of the posting of a bond of $1 million prior to the start of the auction.

8. Because the Court ruled after business hours it is virtually impossible to obtain a bond in such a short period of time. Accordingly, the Debtor is compelled to seek Chapter 11 relief in the interim to preserve the status quo and prevent the forfeiture of the Debtor's entire investment, which is believed to be worth between $20 -$25 million.

**Local Rule 1007-2 Disclosures**

9. Pursuant to Local Rule 1007-2(a)(4), the Debtor intends to file a comprehensive set of schedules and statements within two weeks.

10. Pursuant to Local Rule 1007-2(a)(5), the Debtor has no secured creditors.

11. Pursuant to Local Rule 1007-2(a)(6), all of the Debtor's assets and liabilities will be set forth in the schedules, but consists of the 50% membership in MWE and the obligations owed to the co-member and other investors.

12. Pursuant to Local Rule 1007-2(a)(7), the membership interest in the Debtor is not publicly traded.

13. Pursuant to Local Rule 1007-2(a)(9), the Debtor is not a party to any leases.

14. Pursuant to Local Rule 1007-2(a)(10), the Debtor is a Florida limited liability company with executive offices in New York City. Additionally, S&B, the other 50% member in MWE, is also New York based.

15. Pursuant to Local Rule 1007-2(a)(11), the only lawsuit involving the Debtor is the action for injunctive relief referenced above against the co-member.

16. Pursuant to Local Rule 1007-2(a)(12), I have designated my grandfather, Yair Levy, to serve as Manager, all without compensation.

17. Pursuant to Local Rule 1007-2(b), the Debtor intends to emerge from Chapter 11 by resolving the disputes with the co-member through negotiation. If necessary, the Debtor is prepared to remove the pending action for injunctive and declaratory relief to the Bankruptcy Court for further proceedings.

Dated:    New York, New York
          September 16, 2025

/s/ Ellie Deutsch

Filing # 231599680 E-Filed 09/15/2025 06:30:09 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2025-012817-CA-01
SECTION: CA31
JUDGE: Migna Sanchez-Llorens

**GAFI MIAMI, LLC**

Plaintiff(s)

vs.

**SILVER & BLUE SURFER, LLC et al**

Defendant(s)

_____/

## ORDER ON PLAINTIFF'S VERIFIED RENEWED EMERGENCY MOTION FOR TEMPORARY INJUNCTION

**THIS CAUSE** came before the Court on September 12, 2025 and September 15, 2025 for an evidentiary hearing via Zoom (the "Evidentiary Hearing") on Plaintiff's, GAFI MIAMI, LLC ("Gafi"), August 22, 2025 Verified Renewed Emergency Motion for Temporary Injunction (Gafi's "Renewed Injunction Motion") against Defendant Silver & Blue Surfer LLC (Defendant "Silver").

The Court heard the testimony of Ellie Deutsch ("Ellie"), a member of Gafi, reviewed the four documents that Gafi and Silver (collectively, the "Parties") stipulated to the admissibility of in the Parties' September 9, 2025 Joint Stipulation For And In Advance Of The September 12, 2025 Evidentiary Hearing On Plaintiff's Verified Renewed Emergency Motion For Temporary Injunction (the Parties' "Joint Stipulation"), the facts the Parties stipulated in their Joint Stipulation are undisputed, established, and require no proof, Gafi's Renewed Injunction Motion, Gafi's July 3, 2025 Verified Complaint, Silver's September 9, 2025 response in opposition to Gafi's Renewed Injunction Motion, Silver's September 14, 2025 amended supplemental memorandum in support of Silver's September 9, 2025 response, heard arguments of counsel, considered the applicable law, and is otherwise fully advised in the premises.

## FINDINGS OF FACT

1. In their Joint Stipulation, the Parties' stipulated to the admissibility of the following documents:

    (a)    The MWE operating agreement (the "MWE Operating Agreement"), as amended by the First Rider to the MWE Operating Agreement (the "First Rider") and the Second Rider to the MWE Operating Agreement ("Second Rider"), effective as of January 17, 2024[1];

    (b)    The "Purchase and Sale Agreement" made and entered into on January 8, 2024 (the "PSA") between TC Metro Mall Investments, LLC as "Seller", and MWE and MFJ collectively as "Purchaser" or "Buyer"[2];

    (c)    Silver's Second Amended Notice of UCC Sale of Gafi's Membership Interest in MWE, dated August 18, 2025[3]; and

    (d)    The August 28, 2025 Notice of Capital Call to Gafi[4].

2. In their Joint Stipulation, the Parties stipulated that the following facts are undisputed, established, and require no proof:

    (a) Gafi and Silver are each 50% members of MWE;

    (b) On February 27, 2025, Silver issued a capital call to Gafi in the amount of $445,927.45. The February 27, 2025 Capital Call consisted of prior capital call requests. Gafi did not fund the February 27, 2025 Capital Call, nor any of the prior capital calls;

    (c) On or about March 18, 2025, Silver notified Gafi that:

        (i) Silver was treating the unpaid capital contribution of $445,927.45 as a Default Loan under the MWE Operating Agreement and demanded repayment; and

        (ii) Silver stated that it would proceed to foreclose on Gafi's 50% Membership Interest in MWE if repayment was not made;

(d) On or about May 22, 2025, Gafi received an additional capital call spreadsheet breaking down alleged Default Loans made by Silver for Gafi in the total amount $1,004,892.33 inclusive of interest (the "Capital Call Debt");

(e) The most recent formal written notice requesting an additional capital contribution from Gafi is the notice dated August 28, 2025; and

(f) On August 18, 2025, Silver sent a Second Amended Notice of UCC Sale to Gafi, stating that Silver has elected to sell Gafi Membership Interest in MWE via a foreclosure sale over Zoom at 11 am eastern on September 16, 2025 (the "September 16th Sale") based on Gafi's alleged "repeated defaults" under the MWE Operating Agreement and Gafi's alleged "failure to repay any portion of the Default Loan[.]"

3. At the Evidentiary Hearing, Ellie, a member of GAFI, testified that:

(a) Ellie is a member of Gafi;

(b) Gafi is a member of MWE;

(c) MWE took out a $20 million loan from Hyad Investments, LLC ("Hyad");

(d) The $20 million loan that MWE borrowed from Hyad (the "Hyad Loan") is still outstanding;

(e) Gafi never voted in favor of transferring Gafi's membership interest in MWE to a third party;

(f) Gafi never gave consent in writing to transfer Gafi's membership interest in MWE to a third party;

(g) If the Court does not stop the September 16th Sale of Gafi's membership interest in MWE from going forward, Gafi will lose its entire ownership interest in MWE; and

(h) If the Court does not stop the September 16th Sale of Gafi's membership interest in MWE from going forward, Gafi will lose control—specifically, Gafi's right to make "Major Decisions" under Article V of the MWE Operating Agreement—over MWE's affairs.

## CONCLUSIONS OF LAW

1. "A temporary injunction is extraordinary relief that should be granted only when the party seeking the injunction has established four elements: (1) a substantial likelihood of success on the merits, (2) the unavailability of an adequate remedy at law, (3) irreparable harm absent entry of an injunction, and (4) that the injunction would serve the public interest." Florida Dep't of Health v. Florigrown, LLC, 317 So. 3d 1101, 1110 (Fla. 2021).

2. Gafi has established a substantial likelihood of success on the merits for the following reasons.

3. First, section 7.01 of the MWE Operating Agreement flatly prohibits any "Transfer" of a membership interest without the "Required Vote", see MWE Operating Agreement at ¶ 1.31, or unanimous member consent. "Transfer" is defined broadly under the MWE Operating Agreement, see id. at ¶ 1.33, to include any sale or disposition, voluntary or involuntary. A non-judicial foreclosure and private sale of GAFI's membership interest is clearly a transfer, the uncontroverted evidence establishes there has been no unanimous written consent of MWE's members in favor of a transfer of GAFI's membership interest. That makes it void under the agreement's plain terms.

4. Second, the MWE Operating Agreement does not expressly authorize a non-judicial foreclosure and private sale of Gafi's membership interest in MWE. An example of language held sufficient to expressly authorize a non-judicial sale or private foreclosure and sale of an LLC membership interest can be found in GG Investment Realty Inc. v. South Beach Resort Development, LLC, 337 So. 3d 431, 438 (Fla. 3d DCA 2022). In GG Investment Realty Inc., the agreement expressly created a UCC security interest and expressly authorized a sale under Article 9 of the UCC. Here, the MWE operating agreement has none of that language. It doesn't create a security interest and it doesn't authorize secured-party remedies, including non-judicial foreclosure and private sale.

5. Third, section 3.02 of the MWE Operating Agreement already provides the remedy for a default loan resulting from a member's failure to fund an additional capital contribution: redirecting the defaulting member's distributions to the contributing member. That is the remedy the parties bargained for — not foreclosure and sale.

6. Fourth, Silver & Blue points to Section 3.03 of the MWE Operating Agreement, but that provision governs other kinds of loans, not loan resulting from a member's failure to fund an additional capital contribution. Under basic contract principles, the specific provision controls, so Section 3.02 applies here. And even if 3.03 did apply, it still contains no language expressly authorizing a non-judicial foreclosure and private sale of GAFI's membership interest.

7. Fifth, Paragraph 4(b) of the Second Rider to the MWE Operating Agreement presents another roadblock to Silver's contention that the September 16th Sale is authorized under the MWE Operating Agreement. Paragraph 4(b) of the Second Rider to the MWE Operating Agreement requires GAFI to remain a member of MWE so long as the $20 million HYAD Loan is outstanding. The uncontroverted evidence adduced at the Evidentiary Hearing in the form of Ellie's testimony establishes that the $20 million Hyad Loan is still outstanding. Accordingly, if GAFI's membership interest in MWE is sold at the September 16th Sale, GAFI would no longer be a member of MWE, which would be in directly violation of Paragraph 4(b) of the Second Rider to the MWE Operating Agreement, the terms of which control over any conflicting or inconsistent terms included in the First Rider to the MWE Operating Agreement or the initial MWE Operating Agreement.

8. Gafi has established that absent injunctive relief, Gafi will suffer irreparable harm for which it has no adequate remedy at law because if the September 16th Sale is not enjoined, Gafi will lose its entire ownership interest in MWE and Gafi's right to control MWE's major decisions. See Telestrata, LLC v. NetTALK.com. Inc., 126 F. Supp. 3d 1344, 1353–54 (S.D. Fla. 2015) (holding that substantial changes to the ownership and control of an LLC constitute irreparable harm for purposes of injunctive relief. (applying Florida law)). Furthermore, Gafi has no adequate remedy at law because a forced transfer of a membership interest in a closely held LLC like MWE cannot simply be unwound later and here an injunction is the only practical remedy or mode of enforcement. See Logan v. Logan, 397 So. 3d 1144, 1140-50 (Fla. 2d DCA 2024) ("The concepts of irreparable harm and no adequate legal remedy are distinct prongs of the temporary injunction test, but they are related to one another. The question of whether the injury is 'irreparable' turns on whether there is an adequate legal remedy available. *Irreparable* injury means, in essence, that injunction is the only practical mode of enforcement. What makes an injury irreparable is that no other remedy can repair it.").

9. Finally, an injunction would serve the public interest because if the Court were to not enter an injunction and allow the September 16th Sale to go forward only to ultimately determine that the September 16th Sale was unlawful, the ownership and control of MWE would be thrust into chaos. Members of the public (including potential purchasers, investors, and lenders) who purchase plaintiff's membership interest at the private September 16th sale would become unwitting casualties of Silver's actions, through no fault of their own. The interest of the public, and the ability to protect the public, comes from issuing an injunction and making sure that any membership interest purchased or offered via the September 16th Sale is bona fide in the first instance, and not stained with any taint due to Silver's questioned

actions. See Telestrata, LLC v. NetTALK.com, Inc., 126 F. Supp. 3d 1344, 1356 (S.D. Fla. 2015) (applying Florida law).

10. Gafi will post a bond in the amount of $1,000,000.00 consistent with the requirements of Fla. R. Civ. P. 1.610.

Accordingly, it is **ORDERED** and **ADJUDGED** that:

1. GAFI's Renewed Injunction Motion is **GRANTED**.
2. Silver, its agents, officers, employees, and attorneys, and each and every one of them, are temporarily restrained from conducting the September 16th Sale or any other non-judicial sale of Gafi's Member Interest in MWE; and from transferring Gafi's Membership Interest without the "Required Vote".
3. This Order shall remain in effect until such time as Silver moves for its dissolution, which may be made on five days' notice, and the Court enters an order either modifying and or terminating this Order.
4. This Order is conditioned on payment of bond in the amount of $1,000,000.00 with proof of same to be filed with the Clerk of Court prior to this Order being enforced.

[1] Attached as **composite Exhibit A** to the Parties' Joint Stipulation.

[2] Attached as **composite Exhibit B** to the Parties' Joint Stipulation.

[3] Attached as **Exhibit C** to the Parties' Joint Stipulation.

[4] Attached as **Exhibit D** to the Parties' Joint Stipulation.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 15th day of September, 2025.

2025-012817-CA-01 09-15-2025 6:26 PM
Hon. Migna Sanchez-Llorens

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

- Casey R Cummings: casey@rosenbergcummings.com
- Casey R Cummings: marc@rosenbergcummings.com
- Casey R Cummings: scheduling@rosenbergcummings.com
- Josh Osborn, Esq.: josh@rosenbergcummings.com
- Josh Osborn, Esq.: roberta@rosenbergcummings.com
- Josh Osborn, Esq.: jenn@rosenbergcummings.com
- Marc Rosenthal, Esq.: marc@rosenbergcummings.com
- Marc Rosenthal, Esq.: denise@rosenbergcummings.com
- Marc Rosenthal, Esq.: aamir@rosenbergcummings.com
- Samantha Hausdorff: Samantha@rosenbergcummings.com
- Marc Edward Rosenthal: MARC@ROSENBERGCUMMINGS.COM
- Marc Edward Rosenthal: denise@rosenbergcummings.com
- Marc Edward Rosenthal: scheduling@ROSENBERGCUMMINGS.COM
- Robert A. Stok: service@stoklaw.com
- Robert A. Stok: ssolis@stoklaw.com
- David Rosenblatt, Esq.: drosenblatt@stoklaw.com
- David Rosenblatt, Esq.: fkhan@stoklaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 11

Gafi Miami LLC,                                                     Case No.

                            Debtor.
------------------------------------------------------------x

## LIST OF EQUITY HOLDERS

        Ellie Deutsch        100%

Dated: New York, New York
       September 16, 2025

                        By:    s/ Ellie Deutsch
                                 Name: Ellie Deutsch
                                 Title:  Member

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                              Chapter 11

Gafi Miami LLC,                                                             Case No.

                                    Debtor.
-----------------------------------------------------------------x

## LIST OF LAWSUITS

1. Gafi Miami LLC v. Silver & Blue Surfer LLC et al.
   Circuit Court 11th Judicial Circuit, Miami-Dade County, Florida
   Petition for Injunctive Relief
   Index No. 2025-012817-CA-01

Dated: New York, New York
       September 16, 2025

                              By:    s/ Ellie Deutsch
                                     Name: Ellie Deutsch
                                     Title: Member

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 11

Gafi Miami LLC,                                                 Case No.

                        Debtor.
-------------------------------------------------------------x

## LOCAL RULE 1007-2 CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 1007-2(a)(7), Gafi Miami LLC certifies that it is a private non-governmental party, and has no corporate parent, affiliates and/or subsidiaries which are publicly held.

Dated: New York, New York
       September 16, 2025

                                By:    /s/ Ellie Deutsch
                                       Name: Ellie Deutsch
                                       Title:  Member

# United States Bankruptcy Court
## Southern District of New York, Manhattan Division

In re: Gafi Miami LLC, Debtor(s)

Case No.
Chapter: 11

# VERIFICATION OF CREDITOR MATRIX

I, the Member of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date: September 16, 2025

/s/ Ellie Deutsch
Ellie Deutsch/Member
Signer/Title

Singer and Falk CPA
48 So. Service Road – Suite 404
Melville, NY 11747

Rosenberg & Cummings Esq.
802 NE 20th Avenue
Ft. Lauderdale, FL 33304

Silver & Blue Surfer LLC
c/o Robert Stok, Esq.
Stok Kon and Braverman
1 East Broward Blvd, Suite 915
Fort Lauderdale, FL 33301

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101